## KENTUCKY UNIVERSITY v. WOODS, &c.

Colleges and Universities—Endowment—Removal—Construction of Act to Consolidate—Return of Subscription.

This action was brought by appellees, citizens of Mercer county, holders by assignment of a certificate of stock for the permanent endowment of Bacon College, against appellant to compel the payment of the attached coupons. Certificates of stock, for subscriptions to said Bacon College, were isued to citizens of Mercer county, and afterwards by an act of the Legislature, said college was consolidated and removed to Fayette county, and providing a refund to the citizens of Mercer county the nominal value of unpaid coupons, and all scholarships subscribed. Held that as the certificates are transferable on their face; the citizens of Mercer county holding same, were entitled to collect same in money instead of tuition benefits.

Same.

The same right conferred upon the donor to collect the subscription, would be conferred on their assignee, a resident of Mercer county.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 9, 1869.

OPINION OF THE COURT BY JUDGE PETERS:

This action was brought by appellees, citizens of Mercer county, holders by assignment of a certificate of stock of $200 for the permanent endowment of appellant with coupons attached of the nominal value of $250, which certificate was issued to J. J. McGee; against appellant to compel the payment of said attached coupons.

The defense set up in the answer is, after admitting the granting of the certificate of stock as charged, with the attached coupons, of the nominal value of $250 and the assignment thereof to appellees for the benefit of New Providence church as a donation by McGee, that the real value of said coupons was $10 each, though their nominal value was $30. That said transfer was made prior to the removal of appellee from Harrodsburg, and that McGee died long before the passage of the act of the Legislature, entitled An Act to consolidate *Kentucky University* and *Transylvania University, 1 Vol. Sess. Acts 1865 page 66,* and that appellees' claim "is not included within the scope, and terms of said Act."

"That said subscription by McGee was not made on any condition concerning the permanent continuance of Kentucky University at Harrodsburg, and the removal to Lexington was legal and not in violation with any contract with any one." That by virtue of said act, no one but a *"donor"* could claim a return of a subscription, and that appellant is not bound to return such subscription to a *donor* unless claimed *by him.*

To this answer a demurrer was sustained, and no other defense having been offered, judgment was rendered for the sum claimed in the petition, and that judgment, appellant seeks now to reverse.

The substance of the defense is that no one but a *donor* can by virtue of the *act supra* collect the nominal amount of the attached coupons, when he himself claims, or demands the amount thereof.

The *4th section* of the act referred to provides, that Kentucky University shall be located in Fayette county, in or near the city of Lexington, and in said county shall be located all its colleges. It is expressly declared however, that said Kentucky University is bound to refund to the citizens of Mercer county the full *nominal* value of all unpaid coupons subscribed, and paid by them to the endowment of said University which may be claimed by

them; and also refund to said citizens all of the Bacon College scholar-ships subscribed, and paid in full by any citizen of said county, and which may be claimed by them.

If it were admitted, that a literal construction of the statute, looking only to its language, would restrict the right of reclaiming the scholarships subscribed, and the nominal value of all unpaid coupons, to the donors alone, when demanded by *them*. Still looking to the certificates of stock, with the attached coupons and other facts, such construction would be giving to the statute a much more limited operation than the Legislature intended.

Bacon College had been located at Harrodsburg in Mercer county, citizens of that county were induced, as we must assume, to take stock in the institution, because it was located there, its removal to a different county, as the Legislature knew, would create dissatisfaction with those citizens of Mercer who had paid for the stock in the institution and while it was believed by the Legislature to be for the interest of all parties, and the citizens of the whole state that the removal should be made. It at the same time intended to make reparation to the Mercer county stockholders as far as could consistently be done by conferring upon them the right to collect the coupons attached to the certificates of stock in money at their nominal value. These certificates are on their face made transferrable by the holders, which fact the Legislature must be presumed to have known, and with that knowledge, the intention must have been, to confer on the citizens of *Mercer county* holding the certificates and coupons described, the right to collect the nominal value of such coupons in money, instead of tuition benefits. This interpretation of the act does no violence to its language, and harmonizes with its spirit, and intent, as the same reason which would induce the Legislature to confer the right of collecting the nominal value of the coupons on the original *Mercer* county donor, would apply equally to the Mercer county holder of his certificates for a good, or valuable consideration. This privilege however is restricted to certificates of stock originally issued to citizens of Mercer county and held and owned by citizens of said county when demanded.

Wherefore the judgment is *affirmed*.

*W. C. P. Breckinridge, for appellant.*

*Kinkead & Darnall, for appellee.*